## YU HUI JIANG, Petitioner,

v.

## UNITED STATES ATTORNEY GENERAL, Michael B. Mukasey,[1] Respondent.

No. 07–1044–ag.

United States Court of Appeals, Second Circuit.

Feb. 14, 2008.

Yu Hui Jiang, pro se, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Anh–Thu P. Mai, Senior Litigation Counsel; Annette M. Wietecha, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WALKER, and Hon. ROBERT D. SACK, Circuit Judges.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

## SUMMARY ORDER

Petitioner Yu Hui Jiang, a citizen of the People's Republic of China, seeks review of a February 20, 2007 order of the BIA affirming the July 5, 2005 decision of Immigration Judge ("IJ") Noel Brennan denying Jiang's defensive application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yu Hui Jiang*, No. A 97 329 696 (B.I.A. Feb. 20, 2007), *aff'g* No. A 97 329 696 (Immig. Ct. N.Y. City, July 5, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007).

The agency's adverse credibility determination was supported by substantial evidence: (1) Jiang testified at her individual hearing that she learned, prior to leaving China, that the authorities wanted to arrest her for being a Falun Gong supporter, but omitted this fact at her airport or credible fear interviews; (2) she testified that her parents were arrested for being Falun Gong practitioners, but that is inconsistent with her statement at her airport interview that she is "not sure" if her parents are involved with Falun Gong; (3) Jiang claimed that authorities wanted to arrest her, but her father's letter does not indicate that they have come to the family's house looking for her; and (4) the documents Jiang submitted failed to rehabilitate her testimony. *See Xiao Ji Chen v. U.S. Dept. of Justice*, 471 F.3d 315, 341 (2d Cir.2006); *Zhou Yun Zhang*, 386 F.3d at 78.

These findings are plainly central to Jiang's claims for relief, because they call into question her assertion that the authorities want to arrest her for being a Falun Gong supporter. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308–09 (2d Cir.2003). Jiang was given the opportunity to explain these inconsistencies and omissions, but the IJ reasonably rejected her explanations. *Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005) (holding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

Jiang argues that the IJ made errors in arriving at the adverse credibility finding. For example, Jiang attacks the adverse inference drawn from the fact her parents have not retrieved the Falun Gong materials she allegedly buried. We need not decide whether this was error, or whether Jiang has correctly identified any errors, because remand would be futile. Based on the properly-made findings, it can be "confidently predict[ed]" that the IJ would reach the same decision on any remand. *Xiao Ji Chen*, 471 F.3d at 339.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of